**SIGNED THIS: January 30, 2014**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TERRY LEE MOREAU, | ) Bankruptcy Case No. 13-90863 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on a Motion to Modify Plan filed by the Debtor and Response to the Motion to Modify filed by the Chapter 13 Trustee; the Court, having heard arguments of counsel, reviewed the record of Debtor's Chapter 13 bankruptcy proceeding, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. On June 28, 2013, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code.

2. The Debtor's Chapter 13 Plan proposed a payment of $255 per month for 60 months, for a total base amount of $15,300. The Debtor's Plan proposed to pay the Internal Revenue Service as an unsecured priority creditor in the amount of $11,432. While the Plan indicated that there would be no funds available for the unsecured creditors, the Chapter 13 Trustee's confirmation report indicated that, in fact, a dividend of 3% to the unsecured creditors would be paid based upon the Debtor's proposed Plan.

3. On July 10, 2013, the Internal Revenue Service filed Claim No. 1, indicating that it had an unsecured priority claim in the amount of $10,023.83. This sum was $1,408.17 less than the amount proposed in the Debtor's Chapter 13 Plan.

4. On August 28, 2013, the Chapter 13 Trustee held the Debtor's Section 341 Meeting of Creditors, at which time the Trustee informed the Debtor and Debtor's counsel that the Internal Revenue Service had filed a claim for less than the amount indicated in the Debtor's Chapter 13 Plan.

5. On September 18, 2013, the Trustee filed a confirmation report in which she recommended that the Court confirm the Debtor's Chapter 13 Plan with payments of $255 per month for 60 months, for a total base amount of $15,300, which would pay the Internal Revenue Service claim in full and allow for a 3% dividend to Debtor's unsecured creditors.

6. Based upon the Chapter 13 Trustee's confirmation report, Debtor's Chapter 13 Plan was confirmed as filed by Order of this Court on September 18, 2013.

7. On December 27, 2013, the Debtor filed the instant Motion to Modify Plan, seeking to reduce the Plan base and duration of the Plan based upon the difference between the amount proposed to pay the Internal Revenue Service in the Debtor's Chapter 13 Plan and the actual amount of Claim No. 1 filed by the Internal Revenue Service.

8. The Chapter 13 Trustee does not object to the reduction of the amount to be paid to the Internal Revenue Service; however, the Trustee objects to the Debtor's Plan being modified to reduce the length of the Plan to 55 months as proposed by the Debtor.

<u>Conclusions of Law</u>

The Debtor's Motion to Modify Plan is governed by 11 U.S.C. § 1329(a)(1), which states:

§ 1329.    Modification of plan after confirmation.

(a)    At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to --

(1)    increase or reduce the amount of payments on claims of a particular class provided for by the plan;

As noted by the Chapter 13 Trustee in her Response, the Trustee has no objection to the reduction of the amount to be paid to the Internal Revenue Service; however, the Trustee does object to the Debtor terminating her Plan 5 months early based upon the fact that the additional funds, which would be paid in that 5-month period, can be paid for the benefit of the Debtor's unsecured creditors who were provided a modest benefit in the Debtor's original Plan. The Trustee asserts that, pursuant to 11 U.S.C. § 1327(a), the Debtor is bound by the terms of her confirmed Plan and that the Debtor has shown no basis to shorten the length of her Plan.

In considering this matter, the Court agrees with the position asserted by the Chapter 13 Trustee. It is clear that the amount to be paid to the Internal Revenue Service, pursuant to its Proof of Claim, can be reduced from the amount provided in the Debtor's Chapter 13 Plan. However, the Court finds that the Debtor has failed to show cause for a reduction in the length of Plan payments proposed in the Debtor's original Plan which was confirmed over 4 months ago. The undisputed facts in the matter reveal that the Debtor and her counsel were clearly aware of the amount the Internal Revenue Service is claiming as an unsecured priority claim prior to confirmation of the Debtor's original Chapter 13 Plan. As such, the Debtor should be bound by the terms of that Plan. As confirmed, the Debtor's original Chapter 13 Plan does provide for a modest benefit to her unsecured creditors, and the Court cannot find a basis to reduce that benefit at this time.

###